|   |   |
|---|---|
|   | The Hon. Karen A. Overstreet<br>Hearing Date: June 25, 2010 |

| In re:<br><br>MELINDA A. MAXWELL,<br>    Debtor, | NO: 09-17198-KAO(Ch 7) |
|---|---|
| United States Trustee,<br>    Plaintiff,<br>v.<br>Melinda A. Maxwell,<br>    Defendant. | **Adv. No. 09-01486**<br><br>DECLARATION OF ATTORNEY<br>SARAH L. ATWOOD |

Sarah L. Atwood declares and states as follows:

1. I have read the statement of uncontroverted facts filed in this case on 5/28/2010, and I certify that they are true and correct. Pursuant to the parties' settlement I have prepared and provided declarations. Attached is a true and correct copy of that Declaration.

2. My client and I did not pursue disgorgement of the "$1,000" attorney fee allegedly paid to bankruptcy attorney Mr. McGrath for his work in this Chapter 7 case as we could not locate any proof that the payment occurred.

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENT IS BOTH TRUE AND CORRECT.

Dated this 16th day of June, 2010 at Seattle, Washington.

Law Offices of Sarah L. Atwood, PLLC
/s/ Sarah L. Atwood
WSBA# 31199
Counsel for Creditor Ellison

DECLARATION OF ATTORNEY SARAH
L. ATWOOD - 1

Law Offices of Sarah L. Atwood, PLLC
119 N.E. 56th Street
Seattle, WA 98105
Phone: (206) 524-0377

Hon. Karen A. Overstreet
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>MELINDA A. MAXWELL,<br><br>               Debtor.<br>_____<br>United States Trustee,<br><br>               Plaintiff,<br><br>v.<br><br>Melinda A. Maxwell,<br><br>               Defendant. | No. 09-17198<br><br>Adv. No. 09-01486<br><br>DECLARATION OF SARAH L. ATWOOD |

Sarah L. Atwood declares under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

1. I am an attorney licensed to practice in this court and have been so for nine years. My client in the base bankruptcy proceedings is creditor Dr. Katherine Ellison. I have actual knowledge of the matters hereinafter set forth.

2. In representation of Dr. Ellison I attended the § 341 hearing, the continued § 341 hearing and also conducted a BR 2004 examination of the debtor Mrs. Maxwell.

3. One of the issues in this case is the water damage to the condo and the insurance

DECLARATION OF SARAH L. ATWOOD - 1
dec of Sarah Maxwell.wpd

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

1 claim. At the § 341 hearing there were questions concerning the water damage, the insurance
2 coverage and the value of the condominium. At the time of the § 341 hearings the only things
3 unknown were the extent of the damage, the amount of the claim, what was covered, and where
4 had the money gone.

5     4.     Mrs. Maxwell testified about the insurance claim at both hearings. This Court has
6 heard and the bankruptcy trustee has claimed that her testimony was not helpful. I agree that her
7 testimony was not helpful. However, I can not say that it was wholly inaccurate and she deferred
8 answering questions to her husband claiming that she had no knowledge of the status of the
9 claim.

10     5.     Mrs. Maxwell testified that the claim was not fully settled, which was true. Since
11 the bankruptcy trustee did not repair the condo, further repairs were not done and therefore
12 further claims were not made. In the settlement approved by the Court and the Bankruptcy
13 Trustee, Mrs. Maxwell did retain the right to recover a claim for the cumulative costs of storing
14 her personal property. In a subsequent adversary proceeding the Bankruptcy Trustee brought an
15 action to recover the insurance funds paid to a unsecured creditor Servepro.

16     6.     After attorney Mr. Marc Stern became involved and at the continued § 341
17 hearing, he and Mrs. Maxwell said that there would be amendments to her schedules. They did
18 in fact file amendments to her schedules (the third set) and those schedules as amended are
19 accurate. In the settlement approved by the Court the agreement provided that the amended
20 schedules cleared up anomalies in the first and second set of schedules Mrs. Maxwell's husband
21 prepared and filed.

22     7.     My client Dr. Ellison was the most vigorous creditor in pursuing the debtor. I can
23 certainly say that Mrs. Maxwell was not forthcoming, negligent, relied entirely and
24 inappropriately on her husband, bankruptcy attorney Thomas F. McGrath Jr., and they did not
25 make things easy. On the other hand, I do not believe that in her testimony she lied intentionally.

26
27
28 DECLARATION OF SARAH L. ATWOOD - 2
dec of Sarah Maxwell.wpd

MARC S. STERN
ATTORNEY AT LAW
1825 NW 65TH STREET
SEATTLE, WA 98117
(206)448-7996

8. After attorney Mr. Marc Stern became involved and Mr. McGrath was not involved, Mrs. Maxwell and Mr. Stern understood that they could not defer to Mr. McGrath, and they acted completely cooperatively in resolving multiple layers of litigation for the benefit of all creditors, the bankruptcy trustee, his attorney, and my client. The settlement would not have been possible but for Mrs. Maxwell's forthcomingness and wholesale agreement to forgo contesting difficult issues such as her homestead claim in the condo.

9. Again, as a part of the global settlement, all parties agreed and signed the settlement agreement that stated:

> "The amended schedules submitted by the Ms. Maxwell and CWC in 2009 corrected the original schedules, both Debtors permitted broad inquiry through 2004 examinations and Ms. Maxwell and CWC should be allowed without sanctions to relate these schedules and disclosures back to the original schedules to correct the omissions on the original schedules." Ms. Ellison's counsel Ms. Atwood also agrees to immediately recommend to the UST that it drop and dismiss its 11 USC § 727 complaint.

(Settlement Agreement, p. 8)

Executed under penalty of perjury this 14th day of June, 2010, at Seattle, Washington.

Law Offices of Sarah L. Atwood PLLC

_____
Sarah L. Atwood, WSBA# 31199

DECLARATION OF SARAH L. ATWOOD - 3
dec of Sarah Maxwell.wpd